UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PHILOCIA BUCHERY,

        Plaintiff,

-against-

WELLS FARGO BANK, N.A.,
EXPERIAN INFORMATION SOLUTIONS, INC,
TRANS UNION, LLC
and EQUIFAX INFORMATION SERVICES, LLC,

        Defendants.
---------------------------------------------------------------x

Index No. 1:25-cv-04297

COMPLAINT

Plaintiff, PHILOCIA BUCHERY ("Plaintiff"), by and through her undersigned counsel, Mallon Consumer Law Group, PLLC brings this action against Defendants WELLS FARGO BANK, N.A. ("Wells Fargo"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION, LLC ("Trans Union") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. This action stems from Plaintiff's loan modification with Defendant Wells Fargo. After making the agreement, Wells Fargo breached its commitment by reporting the the forgiven amount back to the loan balance on Plaintiff's credit reports. This breach placed Plaintiff in a detrimental financial position. Plaintiff filed multiple disputes with the Defendant credit reporting agencies to no avail, thereby adversely affecting Plaintiff's credit profile.

2. Plaintiff brings this action against Defendant Wells Fargo Bank, N.A. for violation of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), by failing to reasonably investigate the circumstances surrounding the loan modification granted by Wells Fargo after the Plaintiff raised these concerns with the credit reporting agencies through dispute letters filed with the latter.

1

3. Plaintiff brings this action against Experian, TransUnion, and Equifax (collectively, the "CRA Defendants")—the three major national credit reporting agencies—for violation of FCRA, 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.*

4. Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous derogatory payment information wrongfully listed on Plaintiff's consumer reports caused her to suffer actual damages including, *but not limited to*, damage to reputation, adverse impact to my otherwise excellent credit score, in addition to the emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

5. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, and the NY FCRA, N.Y. GBL § 380 *et seq.*

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

7. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

8. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff, a natural person, is a resident of the State of New York, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

10. Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of

both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

13. Defendant Wells Fargo Bank, N.A. is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Wells Fargo qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL BACKGROUND

14. Plaintiff fell behind on her mortgage payments after her husband passed away in 2022.

15. The Plaintiff applied for and received a loan modification with Defendant Wells Fargo. As part of this agreement, Wells Fargo expressly forgave the amount of $237,822.91 of the loan balance, resulting in a new principal balance of $507,113.70.

16. However, Wells Fargo thereafter falsely reported to the credit reporting agency Defendants that the loan balance was actually $744,936.61.

17. Following this, Plaintiff repeatedly requested that Wells Fargo honor its commitment and correct the loan balance as being reported on her credit reports.

18. Thereafter, Plaintiff repeatedly requested that Wells Fargo honor its commitment and correct

the loan balance.

19. On March 1, 2025, Wells Fargo impliedly acknowledged an error concerning the loan modification when it tendered a cashier's check in the amount of $5,073.77 to Plaintiff.

20. Plaintiff has at all times refused to cash check, despite Wells Fargo's subsequent communications encouraging her to do so.

21. Following Wells Fargo's actions, Plaintiff then sent written disputes to each of the credit reporting Defendants on several occasions.

22. Plaintiff is informed and believes that each of the credit reporting Defendants forwarded copies of Plaintiff's dispute to Defendant Wells Fargo on each occasion it received them.

23. Wells Fargo refused to conduct an actual investigation of Plaintiff's claims and simply reported the information as accurate in response to each dispute.

24. Upon receiving Wells Fargo's responses, each of the Defendant credit reporting agencies refused to conduct their own reinvestigation of the Plaintiff's disputes as required by the FCRA, and instead merely "parroted" the information provided by Wells Fargo and refused to correct the Wells Fargo account appearing on Plaintiff's reports.

25. Plaintiff has suffered harm due to Defendants unlawful conduct here. The inaccurate, derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a substantial factor the denial of two HELOC loans, and has caused Plaintiff significant emotional distress, damage to her reputation, adverse impacts on her otherwise excellent credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FCRA
## Against All Defendants

26. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

27. Defendants Equifax, Trans Union and Experian each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

28. Such reports erroneously included false and derogatory information associated with Wells Fargo account.

29. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's disputes on the inaccuracy of the credit reports related to the Wells Fargo account.

30. Defendants Equifax, Trans Union and Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

31. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject Wells Fargo from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

32. After receiving notification of the Plaintiff's disputes from Experian, Trans Union and Equifax, Defendant Wells Fargo Bank, N.A. willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the erroneous and derogatory information associated with the subject account, and by failing to

review all relevant information regarding Plaintiff's disputes thereof.

33. Defendant Wells Fargo Bank, N.A. willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by the consumer reporting agency Defendants in conducting its reinvestigations of the subject accounts

34. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## SECOND CAUSE OF ACTION
VIOLATION OF THE NY FCRA
Against Defendants Equifax, Trans Union and Experian Only

35. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36. Defendants Equifax, Trans Union and Experian each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

37. Such reports erroneously included false and derogatory payment information associated with the subject Wells Fargo account. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

38. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Wells Fargo account.

39. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently)

6

violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Wells Fargo account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

40. Defendants Equifax, Trans Union and Experian willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Wells Fargo account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

41. Defendants each published credit reports regarding the Plaintiff on multiple occasions containing the erroneous and derogatory payment information associated with the subject Wells Fargo accounts, causing the Plaintiff to suffer economic harm via being denied credit, affecting the excellent credit standing, limiting his opportunities for credit, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

42. Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

43. Plaintiff is thus further entitled to an injunction requiring the CRA Defendants to remove the erroneous and derogatory payment information associated with the subject Wells Fargo accounts from the Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: August 1, 2025

Respectfully submitted,

*/s/*

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
238 Merritt Drive
Oradell, NJ. 07649
(917) 734-6815
kmallon@consmerprotectionfirm.com
*Attorneys for the Plaintiff*